UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-859

| | |
|---|---|
| KENDRICK DAVIS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| HP ENTERPRISE SERVICES, LLC. ) | |
| d/b/a ELECTRONIC DATA SYSTEMS, ) | |
| LLC, d/b/a EDS, ) | |
| ) | |
|     Defendant. ) | |

THIS MATTER is before the Court on Defendant's Partial Motion to Dismiss (Doc No. 8) Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant contends that the Court should dismiss Plaintiff's second claim for relief of sex discrimination for failure to state a claim upon which relief may be granted. For the reasons stated below, Defendant's Motion is GRANTED.

## I. BACKGROUND

Plaintiff filed the instant action on December 28, 2012, in this Court alleging two claims for relief: "retaliation" and "sex discrimination" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"). (Compl.; Doc. No. 1) Plaintiff is a male and former employee of Defendant, HP Enterprise Services, LLC, a wholly-owned subsidiary of Hewlett-Packard Company. (Compl. ¶¶ 11, 13, 20.)

Plaintiff asserts that he was hired by Defendant on or about March 1, 2005. (Compl. ¶ 17.) He claims that on April 13, 2011, he filed an internal complaint with the Defendant alleging sex discrimination and hostile work environment. (Compl. ¶ 21.) Plaintiff asserts that Briana

1

Logan, his supervisor for approximately one year, "subjected [him] to a hostile work environment and treated [him] less favorably than his female co-worker, Yuneek Johnson." (Compl. ¶ 22.)

On April 27, 2011, Plaintiff claims that Logan gave him a written warning "alleging performance based issues" that had occurred in March, more than a month earlier. (Compl. ¶ 23.) The warning stated that Plaintiff did "not hav[e] adequate test cases" and did "not hav[e] a user ID and password." (Id.) Plaintiff claims that Logan did not discipline "his female co-worker with the same issues . . . ." (Id.) Plaintiff further asserts that he "was an excellent, hard working employee" and that prior to this written warning, he "had never received a written warning during his six (6) year career with the Defendant." (Compl. ¶¶ 24-26.)

On May 3, 2011, Plaintiff alleges that he received an e-mail from Deann Doherty, an employee of Defendant, "stating that she had reviewed his internal complaint and that the review did not substantiate that a hostile environment had been created." (Compl. ¶ 27.) Plaintiff further alleges that Defendant did not provide Plaintiff with any other documentation regarding the complaint or internal investigation. (Id.)

Plaintiff asserts that on June 3, 2011, he filed a second internal complaint with Defendant based on sex discrimination, and that on June 7, 2011, he was discharged by D.J. Dart, a male supervisor for Defendant. (Compl. ¶¶ 28-29.) Plaintiff further alleges that Dart informed Plaintiff he was being "discharged for sending a combative e-mail" but that Dart's assertion "is a ploy used by the Defendant to terminate Plaintiff's employment in retaliation for filing" his internal complaints. (Compl. ¶¶ 30-31.) Lastly, Plaintiff alleges that his former job duties and functions "continue to be performed by other employees of the Defendant." (Compl. ¶ 32.)

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must provide enough facts to state a claim to relief that is plausible on its face." Robinson v. Am. Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The court must "accept as true all well-pleaded allegations" and "construe the factual allegations in the light most favorable to the plaintiff." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994) (citing Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). However, the Court is "not so bound by the plaintiff's legal conclusions, since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." Id. While a plaintiff alleging employment discrimination need not "plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (quoting Twombly, 550 U.S. at 555 (2007)).

## III. ANALYSIS

Plaintiff's second claim for relief is for sex discrimination in violation of Title VII, and he characterizes his claim as "disparate treatment and discrimination" as well as "a hostile and abusive atmosphere." (Compl. ¶¶ 44-45.) Because it is not clear whether Plaintiff is alleging a claim of disparate treatment or a hostile work environment, the Court will address both claims separately.

## A. Hostile Work Environment

"In order to make out a hostile work environment claim based on sex, 'a plaintiff must show that the offending conduct (1) was unwelcome, (2) was because of [his] sex, (3) was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment, and (4) was imputable to [his] employer.'" Hoyle v. Freightliner, LLC, 650 F.3d 321 (4th Cir. 2011) (quoting Bonds v. Leavitt, 629 F.3d 369, 385 (4th Cir. 2011)) (citations omitted). Defendant argues that Plaintiff has failed to alleged sufficient facts to plausibly show the second and third elements. Because Plaintiff cannot satisfy the third element, the court need not address the second.

To satisfy the third element, the "environment must be perceived by the victim as hostile or abusive, and that perception must be objectively reasonable." Hoyle, 650 F.3d at 333 (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). "[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances," including "the frequency of the discriminatory conduct; its severity, whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris, 510 U.S. at 23. The Supreme Court has stated that "conduct must be extreme to amount to a change in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 778 (1998).

Additionally, "[h]ostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002). Thus, "[i]solated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Knotts v. Univ. of N.C. at

4

Charlotte, WL 650493, at *7 (W.D.N.C. Feb. 10, 2011) (citing Faragher v. City of Boca Raton, 524 U.S. 775, 778 (1998)).

Here, Plaintiff only alleges facts pertaining to a single and isolated incident of alleged discrimination, and the Complaint is devoid of any facts to plausibly show that the incident was extreme or serious enough to amount to changes in the terms and conditions of his employment. Furthermore, Plaintiff's general allegation that he was subjected to a hostile work environment for one year, (Compl. ¶ 22), is a legal conclusion that is not supported by any, must less sufficient, facts. See Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) ("The words 'hostile work environment' are not talismanic, for they are but a legal conclusion; it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage.").

Therefore, when considering the allegations in the light most favorable to Plaintiff, Plaintiff's complaint fails to sufficiently allege a plausible hostile work environment claim. Accordingly, to the extent that Plaintiff alleges a claim for hostile work environment, Defendant's Motion to Dismiss is GRANTED.

**B. Disparate Treatment**

To establish a *prima facie* case under Title VII, Plaintiff must allege facts showing: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. Coleman, 626 F.3d at 190. "For Plaintiff to recover, the discriminatory conduct must be 'but for' his [gender]." Makabin v. G4S Secure Solutions (USA), Inc., WL 900155, at *5 (W.D.N.C. March 11, 2011). Plaintiff fails to allege sufficient facts to establish a plausible inference that

he was treated differently from similarly-situated female employees. Instead, the bulk of Plaintiff's allegations relate to his claim for retaliation.

First, Plaintiff's allegations that he was "written up" for the same activity for which his female co-worker was not "written up" does not establish disparate treatment because Plaintiff alleges he was reprimanded only after he filed an internal complaint of sex discrimination and a hostile work environment. (Compl. ¶ 21-23.) Plaintiff alleges no facts in the Complaint to show that his female co-worker who was not reprimanded also filed an internal complaint. Instead, Plaintiff only alleges that his female supervisor for approximately one year "subjected [him] to a hostile work environment and treated [him] less favorably than his female co-worker, Yuneek Johnson." (Compl. ¶ 22.) Moreover, the Complaint is unclear whether Yuneek Johnson is the "female co-worker" who was allegedly not written up. Such a conclusory allegation of discrimination is insufficient to state a claim for relief.

Second, Plaintiff's Complaint is devoid of any facts that could support a reasonable inference that Plaintiff was discharged based on his gender because he fails to allege any connection between his written warning and his termination. In fact, Plaintiff's Complaint only contends that "Defendant's assertions that it was proper to terminate Plaintiff's employment . . . is a ploy used by the Defendant to terminate Plaintiff's employment *in retaliation for filing an internal complaint* of sex discrimination and hostile work environment . . . ." (Compl. ¶ 31.) (emphasis added). Plaintiff, therefore, does not allege that he was discharged because of his gender; rather, he alleges he was discharged for filing an internal complaint. Moreover, Plaintiff does not allege any facts to show that Defendant discharged Plaintiff, but not a female co-worker, for filing an internal complaint. Thus, while the bulk of Plaintiff's allegations support

his claim for retaliation, the same allegations are far too attenuated to state a claim for disparate treatment.

Accordingly, to the extent that Plaintiff's Complaint alleges a claim for disparate treatment based on his gender, Defendant's Motion to Dismiss is GRANTED.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss Plaintiff's Complaint (Doc. No. 8) is GRANTED, and Plaintiff's Second Claim for Relief is DISMISSED.

IT IS SO ORDERED.

Signed: June 18, 2013

Frank D. Whitney
Chief United States District Judge